CENTER FOR DISABILITY ACCESS
Ray Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: 8033 Linda Vista Road, Suite 200
San Diego, CA 92111
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Edgardo Carrillo**,<br><br>         Plaintiff,<br><br>     v.<br><br>**Mary Smyrniotis,** in individual and representative capacity as trustee of the Smyrniotis Living Trust;<br>**Christos Smyrniotis,** in individual and representative capacity as trustee of the Smyrniotis Living Trust;<br>**B & S Khulna Corporation,** a California Corporation; and Does 1-10,<br><br>         Defendants. | Case No.<br><br>**Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |

Plaintiff Edgardo Carrillo complains of Mary Smyrniotis, in individual and representative capacity as trustee of the Smyrniotis Living Trust; Christos Smyrniotis, in individual and representative capacity as trustee of the Smyrniotis Living Trust; B & S Khulna Corporation, a California Corporation; and Does 1-10 ("Defendants"), and alleges as follows:

Complaint

**PARTIES:**

1.  Plaintiff is a California resident with physical disabilities. He is paralyzed and uses a wheelchair for mobility.

2.  Defendants Mary Smyrniotis and Christos Smyrniotis, in individual and representative capacity as trustee of the Smyrniotis Living Trust, owned the real property located at or about 7421 Firestone Blvd., Downey, California, in October 2019.

3.  Defendants Mary Smyrniotis and Christos Smyrniotis, in individual and representative capacity as trustee of the Smyrniotis Living Trust, own the real property located at or about 7421 Firestone Blvd., Downey, California, currently.

4.  Defendant B & S Khulna Corporation owned Firestone Car Wash located at or about 7421 Firestone Blvd., Downey, California, in October 2019.

5.  Defendant B & S Khulna Corporation owns Firestone Car Wash ("Car Wash") located at or about 7421 Firestone Blvd., Downey, California, currently.

6.  Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

Complaint

**JURISDICTION & VENUE:**

7.   The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

8.   Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

9.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

10. Plaintiff went to the Car Wash in October 2019 with the intention to avail himself of its services, motivated in part to determine if the defendants comply with the disability access laws.

11. The Car Wash is a facility open to the public, a place of public accommodation, and a business establishment.

12. Unfortunately, on the date of the plaintiff's visit, the defendants failed to provide accessible restrooms.

13. On information and belief the defendants currently fail to provide accessible restrooms.

14. Additionally, on the date of the plaintiff's visit, the defendants failed to provide accessible sales counters.

15. On information and belief the defendants currently fail to provide accessible sales counters.

16. Plaintiff personally encountered these barriers.

17. By failing to provide accessible facilities, the defendants denied the

Complaint

1 plaintiff full and equal access.

2 18. The failure to provide accessible facilities created difficulty and
3 discomfort for the Plaintiff.

4 19. Even though the plaintiff did not confront the barrier, on information
5 and belief the defendants currently fail to provide accessible parking.

6 20. The defendants have failed to maintain in working and useable
7 conditions those features required to provide ready access to persons with
8 disabilities.

9 21. The barriers identified above are easily removed without much
10 difficulty or expense. They are the types of barriers identified by the
11 Department of Justice as presumably readily achievable to remove and, in fact,
12 these barriers are readily achievable to remove. Moreover, there are numerous
13 alternative accommodations that could be made to provide a greater level of
14 access if complete removal were not achievable.

15 22. Plaintiff will return to the Car Wash to avail himself of its services and
16 to determine compliance with the disability access laws once it is represented
17 to him that the Car Wash and its facilities are accessible. Plaintiff is currently
18 deterred from doing so because of his knowledge of the existing barriers and
19 his uncertainty about the existence of yet other barriers on the site. If the
20 barriers are not removed, the plaintiff will face unlawful and discriminatory
21 barriers again.

22 23. Given the obvious and blatant nature of the barriers and violations
23 alleged herein, the plaintiff alleges, on information and belief, that there are
24 other violations and barriers on the site that relate to his disability. Plaintiff will
25 amend the complaint, to provide proper notice regarding the scope of this
26 lawsuit, once he conducts a site inspection. However, please be on notice that
27 the plaintiff seeks to have all barriers related to his disability remedied. See
28 Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff

4

Complaint

encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

24. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

25. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

    c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and

Complaint

the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

26. When a business provides facilities such as restrooms, it must provide accessible restrooms.

27. Here, accessible restrooms have not been provided.

28. When a business provides facilities such as sales or transaction counters, it must provide accessible sales or transaction counters.

29. Here, accessible sales counters have not been provided.

30. When a business provides parking for its customers, it must provide accessible parking.

31. Here, accessible parking has not been provided.

32. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

33. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

34. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

35. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations,

6

Complaint

advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

36. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

37. Defendants' acts and omissions, as herein alleged, have violated the Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered.

38. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiff, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this Court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense.

7

Complaint

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: October 11, 2019          CENTER FOR DISABILITY ACCESS

By:

_____

Russell Handy, Esq.
Attorney for plaintiff

Complaint